■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VICENTE, Appellant. [858 NYS2d 7]—

Judgment, Supreme Court, New York County (Renee A. White, J., at courtroom closure hearing; Eduardo Padro, J., at jury trial and sentence), rendered January 10, 2005, convicting defendant of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree, tampering with physical evidence and resisting arrest, and sentencing him, as a second felony drug offender, to an aggregate term of 5 to 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. There is nothing in the evidence that casts doubt on whether defendant was the seller, as opposed to the buyer, in this observation sale that was viewed at close range by an undercover officer.

Defendant did not preserve any objection to the court's ruling that the courtroom would be closed, except to defendant's family, during the undercover officer's testimony. At the conclusion of the *Hinton* hearing, the only relief requested by defense counsel was that a member of defendant's family be permitted to attend. Furthermore, although counsel later called the court's attention to a fact arguably relevant to the closure ruling, he did not ask the court to reconsider that ruling. We decline to review defendant's present arguments in the interest of justice. As an alternative holding, we conclude that the People established an overriding interest that warranted closure of the courtroom (see *Waller v Georgia*, 467 US 39 [1984]; *People v Ramos*, 90 NY2d 490, 497 [1997], *cert denied sub nom. Ayala v New York*, 522 US 1002 [1997]; *People v Miller*, 190 AD2d 609 [1993], *lv denied* 81 NY2d 974 [1993]). Similarly, defendant's argument that the undercover officer should not have been permitted to testify anonymously under his shield number is both unpreserved and without merit.

To the extent there were improprieties in the prosecutor's elicitation of opinion testimony and in summation, the court's curative actions were sufficient to prevent any prejudice to defendant. Concur—Mazzarelli, J.P., Andrias, Gonzalez and Acosta, JJ.